IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-HC-2030-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER AND NOTICE |
| | ) | OF HEARINGS |
| DAVID D. LUCE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to expedite (DE # 72) of respondent David D. Luce (hereinafter "respondent"). The motion was filed *pro se*. Because respondent is represented by counsel, the motion is DENIED WITHOUT PREJUDICE to respondent's right to file a motion through counsel seeking appropriate relief.

Also before the court is respondent's motion to dismiss (DE # 45). Respondent seeks dismissal of the government's petition for commitment pursuant to 18 U.S.C. § 4248 ("§ 4248"). Petitioner has responded and opposes the motion to dismiss. The matters are ripe for ruling.

Respondent asserts that § 4248 is criminal rather than civil in nature and that he should be afforded the same constitutional protections afforded in a criminal proceeding. The Fourth Circuit Court of Appeals held in United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012), that § 4248 commitment actions are civil proceedings. Therefore, respondent's argument for application of the various constitutional protections afforded to criminal defendants is misplaced.

Respondent also asserts that § 4248 violates the constitutional guarantee of equal protection because it uses one's status as a federal prisoner to control whether a person may be subject to civil

commitment proceedings. The Fourth Circuit specifically rejected this argument. Timms, 664 F.3d at 449. Accordingly, respondent's equal protection challenge is without merit.

Respondent also indicates he maintains the position that the "clear and convincing evidence" standard of proof violates due process. The Fourth Circuit, however, specifically held this standard of proof to be constitutional. United States v. Comstock, 627 F.3d 513, 524 (4th Cir. 2010).

Respondent next contends that the phrase "sexually violent conduct" is unconstitutionally vague. The First Circuit Court of Appeals addressed a similar vagueness challenge to statutory language containing this phrase. Specifically, the court examined the broader phrase, "serious difficulty in refraining from sexually violent conduct." United States v. Carta, 592 F.3d 34, 43 (1st Cir. 2010). The court held, "These terms are sufficiently explicit to give notice and prevent arbitrary enforcement, and the present statute also passes muster." Id. Accordingly, respondent's vagueness challenge fails.

Respondent also contends that he has been denied the right to a speedy resolution in light of the fact that he has been incarcerated without the benefit of bail while awaiting his commitment hearing. As noted above, this case is a civil proceeding. The statutory framework does not authorize release on bail. Furthermore, the delay in a hearing on the merits does not violate due process. The Fourth Circuit considered a similar challenge in Timms, 664 F.3d at 449-55. The court held that the particular delay in that case did not violate due process. Id. at 454-55. The court also noted, "[E]ven if Timms' case constituted a due process violation, the proper remedy would not be release, but to conduct the hearing and adjudicate whether he is a 'sexually dangerous person' under the statute." Id. at 455 n.19.
2

The government commenced this action on February 9, 2011. On March 16, 2011, the court entered a scheduling order, which established a discovery process to last approximately six months beginning in June 2011. The court has granted extensions prolonging the discovery process which respondent either requested or did not oppose. (See Pet'r Mot. Extension (DE # 13), Order Grant. Extension (DE # 14); Resp. Mot. Extension (DE # 55), Order Grant. Extension (DE # 56). Under the circumstances of this case, the delay does not violate due process. Moreover, even if the delay created a due process violation, dismissal is not warranted; the proper remedy would be for the court to hold a commitment hearing. The court will schedule a commitment hearing promptly, recognizing the pending appeal of the Magistrate Judge's Order for a collateral competency inquiry (DE # 65).

For all of the foregoing reasons, respondent's motion to dismiss (DE # 45) is DENIED.

The court hereby orders the parties to appear for a status conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and for hearings on the government's appeal of the Magistrate Judge's Order for a collateral competency inquiry (DE # 65) and respondent's related motion to appoint an expert (DE # 66) on **August 6, 2012, at 2:30 p.m. in New Bern, North Carolina**.

SO ORDERED, this the 31st day of July, 2012.

LOUISE W. FLANAGAN
United States District Judge